**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 3, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

CHRISTOPHER GILKEY,

Plaintiff–Appellant,

v.

ADT SECURITY SERVICES, INC.,

Defendant–Appellee.

No. 13-3067
(D.C. No. 6:11-CV-01369-JAR)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **McKAY**, and **MURPHY**, Circuit Judges.

After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). This case is therefore ordered submitted without oral argument.

Plaintiff Christopher Gilkey, proceeding pro se, appeals from the district court's order granting summary judgment for Defendant and denying summary judgment for Plaintiff. Plaintiff filed an employment discrimination complaint against Defendant, his former employer, alleging that Defendant's refusal to rehire him after he resigned from

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

his position constituted both race discrimination and retaliation, in violation of Title VII. After a period of discovery, Plaintiff filed a motion for summary judgment on both of his claims. Defendant, in turn, filed a cross-motion for summary judgment. After reviewing the briefing on both motions, the district court concluded Defendant was entitled to summary judgment because Plaintiff failed to present sufficient evidence to establish a prima facie case for either of his claims. Specifically, the district court concluded Plaintiff failed to present evidence that he was qualified for the position in light of his designation as "not eligible for rehire" and that he was rejected for the position under circumstances giving rise to an inference of unlawful discrimination, as required to establish a prima facie case of race discrimination. The district court then concluded Plaintiff failed to present evidence that he engaged in a protected activity in 2009, and failed to present evidence that his 2007 complaint, which Defendant conceded for purposes of summary judgment was protected opposition to discrimination, was causally connected to Defendant's refusal to rehire him, as required to establish a prima facie case of retaliation. Accordingly, the district court granted Defendant's motion for summary judgment and denied Plaintiff's motion for summary judgment. Plaintiff now appeals.

On appeal, Plaintiff appears to challenge the district court's application of the summary judgment standard, arguing that because he "met the initial [summary judgment] burden, the burden then shift[ed] to [Defendant] to set forth specific facts showing that there is a genuine issue for tr[ia]l" (Appellant's Opening Br. at 6 (internal quotation marks omitted)), yet Defendant did not do so (*id.* at 10). However, after a

thorough review of the record on appeal, we see no error in the district court's application of the summary judgment standard or its consideration of the facts. Furthermore, we agree with the district court that Plaintiff failed to present evidence satisfying elements required to prove a prima facie case for each of his claims, and Defendant was therefore entitled to summary judgment. In light of appellee's response to the court's show cause order of June 10, 2013, volume two of the record on appeal shall remain under seal. Accordingly, the judgment of the district court is **AFFIRMED**.

Entered for the Court


Monroe G. McKay
Circuit Judge